UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

MSP RECOVERY CLAIMS SERIES LLC,           CASE NO.
a Delaware entity, and MSPA CLAIMS 1,
LLC, a Florida entity

   Plaintiffs,

vs.

BRIDGEFIELD EMPLOYERS INSURANCE
COMPANY, a Florida Profit Corporation,

   Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Bridgefield Employers Insurance Company ("BEIC" or "Defendant"), through its undersigned counsel, and pursuant to 28 U.S.C. § 1441, hereby removes to this Court the state court action described below based on federal question jurisdiction, and states:

1. Plaintiff MSP Recovery Claim Series initially filed a lawsuit, which was served on September 15, 2017, in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, entitled *MSP Recovery Claims Series, LLC v. Bridgefield Employers Insurance Company*, Case No. 2017-018974-CA-01. Plaintiff asserted three causes of action – all based upon purported breach of contract for failure to pay PIP benefits pursuant to section 627.736, Florida Statutes – the Florida Motor Vehicle No-Fault Law. *See* Compl. ¶¶ 52-67.

2. On November 15, 2017, in response thereto, BEIC moved to dismiss the Complaint, asserting that Plaintiff there lacked standing to sue, and further, that Plaintiff improperly sued BEIC, seeking to recover based upon insurance coverage BEIC has never

offered.[1]

3. On February 5, 2018, Plaintiffs filed a First Amended Class Action Complaint for Damages.

4. Plaintiffs' First Amended Complaint is based on alleged rights under the federal Medicare Secondary Payer statute ("MSP"), 42 U.S.C. §1395y. Specifically, the complaint consists of two counts: Count I – Private Cause of Action Under 42 U.S.C. §1395y(b)(3)(A); and Count II – Direct Right of Recovery Pursuant to 42 C.F.R. §411.24(e) for Breach of Contract. (Compl., pp. 25-27.)

5. Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit A** are all pleadings filed in the record of the state court proceeding.

6. The First Amended Complaint alleges Plaintiff MSPA Claims 1, LLC is the once-removed assignee of Interamerican Medical Center Group, LLC, a Medicare Advantage Plan. (Compl., ¶¶ 36-38.) According to Plaintiffs, BEIC was a primary payer obligated to pay for medical services for the subject patient, under the terms of a workers' compensation insurance policy. (Compl., ¶¶ 13.) Plaintiffs allege they are entitled, pursuant to the MSP, to recover and be reimbursed by BEIC for the amounts Interamerican Medical Center Group, LLC paid for this patient. (Compl., ¶¶ 14-15.)

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) and (b) as there is a federal question under the federal Medicare Law and regulations on which Plaintiffs rely.

8. In compliance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty days after receipt by the Defendant of an amended pleading from which it first ascertained that

---

[1] In connection with its motion to dismiss, BEIC also filed a motion for attorneys' fees in the form of sanctions pursuant to section 57.105, Florida Statutes.

the case became removable -- *i.e.,* the First Amended Complaint. *See* 28 U.S.C.A. § 1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

### FEDERAL QUESTION JURISDICTION

9. A defendant may remove an action to a federal district court "if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). District Courts have original jurisdiction over all 'civil actions arising under the Constitution, laws, or treaties of the United States.' 28 U.S.C. § 1331. . . . The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Herman v. Hartford Life & Acc. Ins. Co.*, No. 10-61661-CIV, 2011 WL 1458050, *2 (S.D. Fla. Apr. 15, 2011). *See also Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) (whether a claim "arises under" federal law "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

10. Thus, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law," even where a federal claim is also available. . . . However, even when a plaintiff has pled only state-law causes of action, he may not avoid federal jurisdiction if either (1) his state-law claims raise substantial questions of federal law or (2) federal law completely preempts his state-law claims." *Id.* (citations omitted).

11. Here, as noted above, Plaintiffs do not assert any state law causes of action, but instead assert two counts based on the federal MSP. In Count I, Plaintiffs assert a cause of action titled – Private Cause of Action Under 42 U.S.C. §1395y(b)(3)(A). (Compl., ¶¶ 92-102.) In

Count II, Plaintiff asserts an action for – Direct Right of Recovery Pursuant to 42 C.F.R. §411.24(e) for Breach of Contract, noting the basis for recovery relies upon MSP provisions. (Compl., ¶¶ 104-108.)

12. Federal courts have original jurisdiction over MSP claims under 28 U.S.C. § 1331, and, since Plaintiffs' First Amended Complaint explicitly invokes the MSP, this case is removable under 28 U.S.C. § 1441(a) and (b) based on federal question jurisdiction. *See, e.g., Sullivan v. Farm Bureau Mut. Ins. Co. of Michigan*, 2011 WL 1231264, *2 (W.D. Mich. April 1, 2011) (where, as here, plaintiff brought suit for double damages under MSP, the "Court's federal question jurisdiction is invoked."); *Brown v. United States Steel Corp.,* 2010 WL 4388075, *1 (W.D. Pa. Oct 29, 2010), *aff'd,* 62 Fed. Appx. 152 (3d Cir. 2011) (same principle).

13. In *Brown,* the court noted in the "amended complaint, the plaintiff asserts that the defendants violated the MSP by refusing to repay Medicare for its payments made on his behalf during a period when the defendants were primarily obligated to pay his medical bills by virtue of his enrollment in their employer group health plan[.]" 2010 WL 4388075, *1, *1. The court concluded that since the plaintiff had "initiated this suit under 42 U.S.C. § 1395y(b)(3)(A)," seeking "damages for double the amount he claims the defendants are obligated to reimburse Medicare for its payments made on his behalf," the "Court's federal question jurisdiction is invoked." 2010 WL 4388075, *1.

14. In *Parra v. PacifiCare of Arizona, Inc.*, 715 F.3d 1146, 1152 (9th Cir. 2013), the Court also held federal question jurisdiction existed where an MSP claim was asserted – in that case, by a Medical Advantage Organization (such as exists here) – and clarified the distinction between the existence of subject matter jurisdiction under federal law and the ability of a litigant to bring a private right of action under a federal statute:

4

> The magistrate judge recommended that Count II be dismissed for lack of subject matter jurisdiction; the district court, although adopting the magistrate judge's recommendation and report, instead concluded that Count II failed to state a claim upon which relief can be granted. This duality is understandable; our decisions have analyzed whether a cause of action exists under federal law both ways. * * * Despite these seemingly inconsistent decisions, the district court was correct. Subject matter jurisdiction exists to determine whether a federal statute provides a private right of action.

*Id.* at 1151 (citations and footnote omitted).

15. The Court emphasized that "[j]urisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." *Id.* (citation and internal quotation omitted). The Court held "'[B]ecause interpretation of the federal Medicare Act presents a federal question,' the district court had subject matter jurisdiction to determine whether that act created a cause of action in favor of PacifiCare[.]" *Id.* at 1552 (quoting *In re Avandia Mktg.,* 685 F.3d 353, 357 (3d Cir. 2012). *See also Doctors Med. Ctr. of Modesto, Inc. v. Kaiser Found. Health Plan, Inc.,* 989 F. Supp. 2d 1009, 1011 (E.D. Cal. 2013) (in ruling on dismissal motion, referring to Kaiser as a "Medicare Advantage" plan and noting "Kaiser removed the action to this court based on federal question jurisdiction under the Medicare Act," thus indicating the existence of federal question jurisdiction in these circumstances); *Kinsey v. American Underwriters Life Ins. Co.*, 2008 WL 2812966, *3 (W.D. La. June 24, 2008) ("The United States' claim arises under the Medicare Secondary Payer statute, 42 U.S.C. § 1395y(b). Therefore, there is federal question jurisdiction").

16. This case is no different. As in the above cases, Plaintiffs assert claims under the federal MSP, hence this Court has federal question jurisdiction over this matter.

17. Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit A** is a copy of all the state court pleadings and process in this case. Attached as **Exhibit B** is a copy of BEIC's Notice of

Filing of Notice of Removal in the state court. BEIC has, therefore, satisfied the requirements for removal under 28 U.S.C. § 1446 and all applicable rules.

## CONCLUSION

For all the foregoing reasons, Defendant, Bridgefield Employers Insurance Company, respectfully requests this Court to assume full jurisdiction over the cause herein, as provided by law.

Respectfully submitted,

By: /s/ Rachel M. LaMontagne
Rachel M. LaMontagne
Florida Bar No. 094692
E-mail address: rlamontagne@shutts.com
SHUTTS & BOWEN LLP
*Attorneys for BEIC*
200 South Biscayne Blvd., Suite 4100
Miami, Florida  33131
Telephone: (305) 347-7367
Facsimile:  (305) 415-9848

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 5, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic Filings.

| | |
|---|---|
| John H. Ruiz, Esq.<br>MSP Recovery Law Firm<br>5000 S.W. 75th Avenue, Suite 400<br>Miami, FL 33155<br>Tel.: (305) 614-2222<br>E-mail address:<br>serve@msprecovery.com<br>*Attorneys for Plaintiff* | Eduardo E. Bertran, Esq.<br>J. Alfredo Armas, Esq.<br>Armas Bertran Pieri<br>4960 SW 72nd Avenue, Suite 206<br>Miami, Florida 33155<br>Telephone: (305) 461 – 5100<br>E-mail address:<br>Alfred@armaslaw.com<br>ebertran@armaslaw.com<br>nmarrero@armaslaw.com<br>barbi@armaslaw.com<br>*Attorneys for Plaintiff* |

　　　　　　　　　　　　　　　　　　　　　　 */s/   Rachel M. LaMontagne*